UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS<br>  Representing a Class of<br>  Simuliarly Situated Uncon-<br>  victed Federal Civilly<br>  Committed Mental Patients in<br>  the U. S. Bureau of Prison<br>  System<br>              Petitioner(s)<br><br>         -v-<br><br>A. GONZALES, H. LAPPIN, AND<br>D. WINN<br>              Respondent(s) | CASE NO:<br><br>A DIVERSITY AND<br><br>A CIVIL RIGHTS COMPLAINT<br><br>05-40063 **GAO** |

I
JURISDICTION AND AUTHORITY

This is a Civil Right Complaint brought under <u>Bivens v Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 1971, 403 US 388, 29 LEd2d 619, 91 S Ct 1999. This court has jurisdiction under 28 USC §1331(Federal Question), 28 USC §1332(Diversity), 28 USC §2201-§2202(Declaratory Judgment), 28 USC §2282(b)(3) and Rule 65 of the Federal Rules of Civil Procedures( Injunctive Relief), and 42 USC §1988(Common Law jurisdiction and Attorney Fees).

II
EXHAUSTION OF ADMINISTRATIVE REMEDIES

Although the Prisoners Litigation Reform Act (PLRA) does not apply to Civil Commitments( <u>King v Greenblatt</u>, D Mass 1999, 53 F Supp2d 117 at 138) and a <u>Bivens</u> action does not require exhaustion of remedies (<u>Lunsford v Jumad</u>, 9Cl998, 155 F3d 1178 at 1179), at least one member of the class has exhausted admisistrative remedy.

III
PARTIES

<u>Petitioner/Representative</u>:

   The representative of this action is COY PHELPS and has a mailing address of FMC-DEVENS, P.O. Box 879, Ayer, MA. 01432.
He is not acting as a member of this class but is acting only as a representative of the class until the court appoints a counsel. Phelps already has a personal action in court with these issues.

All of the members of the class are unconvicted federal civilly committed mental patients in the U. S. Bureau of Prison system who have been committed either under 18 USC §4243 (Insanity Acquittee) or 18 USC §4246 (Involuntary Civil Commitment). The class members include those at FMC-Devens Massachusetts, FMC-Butner North Carolina, USMCFP Missouri, FMC-Rochester Minnesota, and others.

Respondents:

D. WINN is the warden of FMC-DEVENS and has actual custody of the representative of this action and many members of the class. He has a mailing Address of FMC-DEVENS, P. O. Box 880, Ayer, Massa- chusetts, 01432;

H. LAPPIN is the Director of the U.S. Bureau of Prisons and has a mailing address of 320 First Street N.W., Washington, D.C., 20543;

A. Gonzales is the current U.S. Attorney General and is inden- tified, by statute, as the responsible party for the hospitalization of the class members. He has a mailing address of DOJ, 950 Penn- sylvania Ave, N.W., Washington, D.C. 20543.

IV
STATEMENT OF THE ISSUES

This case is a matter of the interprestation of the law and a determination of the application of the law. The Petitioners allege their rights under the 4th, 5th, and 9th Amendments of the U. S. Constitution have been violated as well as a violation of 18 USC 4001(a), 18 USC §4243, 18 USC § 4246, and 18 USC §4247. The Petitioners allege that the provisions of the above statutes have been misapplied that has caused them irreparable physical, mental, and emotional harm, injury, pain, and suffering.

Petitioners allege that Gonzales misapplied the law to cause them to be incarcerated under the authority of Lappin( who does not have lawful jurisdiction of the class members) and Lappin placed them undr the authority of the various wardens of the various prisons to be treated as convicted and sentenced prisoners.

The Petitioners allege that the Bureau of Prisons employees have acted in clear absence of all jurisdiction and authority

in providing care, treatment, services, confinement, and hospitalization of the Petitioners;

The Petitioners allege they have suffered irreparable physical, mental, emotional, and Spiritual loss, harm, injury, anguish, pain, suffering because if the Acts, Actions, Inactions and Omissions of the employees of the U.S. Bureau of Prisons.

Petitioners allege the Respondents violated 42 U.S.C. § 1985 and 18 U.S.C. §§ 241-242 when they conspired to incarcerate unconvicted Civil Mental patients in Federal Penal Institutions to be treated worse than convicted and sentenced prisoners.

Petitioner also challenges the constitutionality of 18 U.S.C. § 3603(8)(A) as being in conflict with the scheme of the Federal Mental Health Laws and the intent of Congress as well as being in direct conflict with subsections (i) of 18 U.S.C. § 4247 requiring the Public Health Service (viz-a-viz The Secretary of the BHHS) to supervise the unconvicted Civil Mental patients.

## V
## OVERVIEW

18 U.S.C. §4243 is a Civil Statute (<u>United States v. Philips</u>, 955 F.2d 1258 (9th Cir. 1989)), for insanity acquitted, that is, defendants who are found not guilty bt reason of insanity (NGRI).

18 U.S.C. § 4246 is another Civil Statute for the commitment of prisoners who are found to be too incompetent to stand trial (18 U.S.C. § 4241(d)) and prisoners who become mentally ill during incarceration (18 U.S.C. § 4245) and cannot be released to the community due to mental illness.

18 U.S.C. §§ 4243 and 4246 are similar in construction (a comparison of the two statutes is attached).

The Key Issues are: The Attorney General is required to "hospitalize" the mentally ill but there are no Federal Hospitals, so the Attorney General just confines the mentally ill in prison and continues to treat them as convicted and sentenced prisoners when they are not.

3

The Federal Government does not have standing to detain the Civil Commitments because there are no provisions in the Mental Health Laws that allows Federal confinement - The confinement is relegated to the State (or Political Subdivision) or a locality of a private agency.

The Federal Government has no interest in the Mentally Ill who are not convicted and who are not facing criminal charges.

The Attorney General and the Director of the B.O.P. (and the various Wardens) deliberately and knowingly misapply the Federal Mental Health Laws to cause the Civil Commitments to suffer a wrongful loss of liberty.

## VI
### STATEMENT OF THE FACTS

1. People who are found not guilty by reason of insanity (NGRI) are committed to the custody of the U.S. Attorney General pursuant to 18 U.S.C. § 4243;

2. People who are committed under 18 U.S.C. § 4246 are committed to the custody of the U.S. Attorney General;

3. Subsection (i) of 18 U.S.C. § 4247 limits the authority of the U.S. Attorney General and dictates the actions of the Attorney General;

4. Subsection (e) of 18 U.S.C. § 4243 and subsection (d) of 18 U.S.C. § 4246 gives the U.S. Attorney General three options:
   A. Release the person to the community unconditionally, or
   B. Release the person to an appropriate State Official, or
   C. Confine the person.

5. If the Attorney General chooses to confine the person, 18 U.S.C. § 4247(i) gives the Attorney General ONLY four opyions:
   A. He may petition a State Court for a State Civil Commitment into a State Mental Hospital pursuant to State Laws;
   If that action fails, he may:
   B. Enter into a private contract with a State (or Political Subdivision), or

4

  C. Enter into a private contract with a <u>Locality</u>, or

  D. Enter into a private contract with <u>Private AGENCY</u>
to provide care, treatment, services, confinement, and Hospitalization.
<u>THERE ARE NO PROVISIONS in 18 U.S.C. § 4243, 18 U.S.C. § 4246, or 18 U.S.C. § 4247 that allows for confinement in s FEDERAL Facility.</u>*

 6. Subsection(e) of 18 U.S.C. 4243 and subsection (d) of 18 U.S.C. 4246 requires the Attorney General to "hospitalize" the person in a Mental <u>Hospital</u>.

  A. The Federal Government does not have a Civil Hospital (<u>Foucha v. Louisiana</u>, 504 U.S. 71 (1994); <u>Maorietta v. Ciccone</u>, 305 F. Supp. 775 (W.D. Mo 1969)).

 7. The Attorney General places Federal Civil commitments into the custody <u>of the Director of the U.S. Bureau of Prisons who delegates his authority</u> to the various Wardens of the various prisons in the U.S. Bureau of Prison system for the care and treatment of civil commitments.

  A. Subsection (1)(c) requires the Attorney General to place the Civil Commitment into the custody of the secretary of the Department of Health and Human Services (DHHS)(Not the Director of the U.S. Bureau of Prisons) <u>For the implementation of the Federal Mental Health Laws</u>

 8. Subsection (i)(D) of 18 U.S.C. § 4247 requires the facility to be approved by the Secretary of the DHHS

  A. The Secretary has never approved a Bureau of Prisons Facility.

 9. Subsection (i)(D) of 18 U.S.C. § 4247 requires the Secretary of the DHHS to Certify that the Facility has a proper and adequate rehabilitation program as enumerated in Subsection (a) of 18 U.S.C. 4247;

  A. The Bureau of Prisons does not comply with Subsection (a) of 18 U.S.C. § 4247;

---

\* When a Statute is silent on an issue, there is a corresponding absence of authority (<u>Keen v. United States</u>, 498 U.S. 1102 (1991); <u>BFP v. Resolutions</u>, 511 U.S. 531 (1994)).

5

  B. The secretary has never certified a rehabilitation program of the Bureau of Prisons.

 10. 18 U.S.C. § 4042 gives the U.S. Bureau of Prisons authority ONLY over <u>PENAL</u> and <u>CORRECTIONAL</u> Institutions (Not Hospitals) and ONLY over those <u>accused</u> of crimes and those <u>Convicted</u> of crimes (NOT CIVIL COMMITMENTS);

  A. <u>Williams v. Richardson</u>, 481 F.2d 358 (8th Cir. 1973) held, "We have continuously held that the Federal Medical Centers are <u>Penal</u> Institutions (Not Hospitals) and those confined therein suffer <u>Incarceration</u> (Not Hospitalization"). (citations omitted).

  B. <u>Jones v. United States</u>, 463 U.S. 354 at 369 (1983)(insanity acquittees cannot be treated as convicted prisoners); <u>Youngberg v. Romeo</u>, 457 307 at 316 (1982) (Civil Commitments must be treated better and more considerate than convicted prisoners); <u>United States v. Jain</u>, 174 F.3d 892, 898 (7th Cir. 1999) (principles of criminal sentencing do not apply to insanity acquittees); <u>Tyler v. Ciccone</u>, 299 F.2d 684 (W.D. MO 1969)(Rules of a prison do not apply to Civil Commitments); <u>Cameron v. Tomes</u>, 783 F.Supp. 1511 (D. Mass 1992)(same).

  1. The B.O.P. avers that it can treat Civil Commitments as convicted prisoners under 28 C.F.R. 551.101(2) and B.O.P. Policy Statement 7331.04.

   A. There is no Statute authorizing these Rules and Regulation, and a Regulation cannot be made without Statutory Authority (<u>Davidson v. DC</u>, 562 A2d 109 (D.C. 1989);

  2. B.O.P. employees treats, disciplines and punishes its insanity acquittees and Civil Commitments as convicted and sentenced prisoners by Rules and Regulations established only for convicted and sentenced prisoners.

  3. The Attorney General Alberto Gonzales conspired with the Director of the Federal Bureau of Prisons, Harley Lappin and

both the Attorney General and the Director conspired with the Wardens (Winn) of the various prisons (in violation of 18 U.S.C. §§ 241-242 and 42 U.S.C. § 1985) to jointly participate and to act in concert to cause the Petitioners to suffer incarceration and imprisonment in violation of Title 18 U.S.C. § 4001(a) that deprived the Petitioners of their Constitutional, Statutory, Civil, and Common Law Guarantees, Freedoms, Liberties, Rights, Immunities, Protections, and Safeguards by causing Unlawfuk and Unreasonable Restraint in absence of all Jurisdiction and authority.

Every Petitioner has suffered incarceration (Not Hospitalization) and has suffered Punishment in violation of <u>Youngberg</u> and <u>Jones</u>, <u>supra</u>.

The Respondents know the **Laws, they** understand the Laws, but still acted contrary to the Laws to cause the Petitioners irreparable injury which could not have occurred without the conspiracy.

The Respondents treated the Petitioners worse than convicted prisoners through Abuse, Mistreatment, and Torture by the use of Forced Medication, Forced Segregation, and being disciplined and punished by Rules and Regulations established for only convicted prisoners.

The Bureau of Prisons Rules require B.O.P. employees to contact the U.S. Probation Office to coordinate supervision of the released civilly committed Mental Patient, just as the B.O.P. for convicted and sentenced prisoners being released on Supervised Release.

The Petitioners not only challenge this Rule as being unconstitutional and in conflict with the Federal Mental Health laws, but also challenges 18 U.S.C. § 3603(8)(A) which allows an unqualified Probation Officer who does not possess any skills, knowledge, or experience in matters of Mental Health or Mental Illness.

VII

SUMMARY AND CONCLUSION

1. The Attorney General misapplied the Law by <u>Incarcerating</u> Civil Commitments in U.S. Bureau of Prison facilities rather than

Hospitalizing the Civil Commitments in Mental Hospitals under the care and treatment of the U.S. Public Health Service (Secretary of the DHHS) and not B.O.P. employees.

2. The Director of the U.S, Bureau of Prisons (and his delegates) do not have lawful custody of Civil Commitments;

3. B.O.P. employees cannot treat Civil Commitments as convicted prisoners, but they do, and it has caused Constitutional and Statutory violations and irreparable harm and injury.

## VIII
### PRAYER

Petitioners pray for Declatatory and Injunctive Relief and Remedy and for any other Relief and Remedy the Court deems Fair, Just, and Proper.

Petitioner Requests that this Court declare:

1. There are no provisions in the Federal Mental Health Laws that authorizes Federal Confinement of an Unconvicted Civil Commitment.

2. The U.S. Attorney General abused his discretion, misinterpreted the Laws, made a clearly erroneous conclusion of the Laws, and misapplied the Laws by placing Unconvicted Civil Commitments in the custody of the Director of the U.S. Bureau of Prisons.

3. The Director of the B.O.P. abused his discretion by confining Unconvicted Civil Mental Patients in B.O.P. Facilities to be treated the same as, or worse than, convicted and sentenced prisoners.

4. B.O.P. employees have no lawful jurisdiction or authority over those committed under 18 U.S.C. § 4243 or 18 U.S.C. § 4246.

5. The Respondents violated the Constitution, Statutory, Civil, and Common law Rights of the Petitioners. Petitioners request the Court to issue an Injunctive Restraining Order enjoining the U.S. Bureau of Prisons from confining Unconvicted Civil Commitments in any U.S. Bureau of Prison Facility.

6. Declare that 18 U.S.C. § 3603(8)(A) id Facially and as applied Unconstitutional.

Petitioner also requests any other compensation the Court deems fair including attorney fees, costs, and expenditure.

Petitioner also requests any other compensation the Court deems fair including attorney fees, costs, and expenditure.

4-7-05

Respectfully submitted,

_____ In Pro Se
Coy Phelps 78872-011
FMC Devens
P.O. Box 879
Ayer, MA 01432


CERTIFICATION

I, Coy Phelps, certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the Petitioner in this Action and that all the statements made herein are made by me and that all the statements are true and correct to my best knowledge and belief.
DATE: 4-7-05


_____ In Pro Se
Coy Phelps 78872-011
FMC Devens
P.O. Box 879
Ayer, MA 01432

9

## CERTIFICATE OF SERVICE

I, _Coy Phelps_, certify under penalty of Perjury, pursuant to 28 U.S.C. § 1746, that i placed a copy of this Action into a correctly addressed envelope, affixed with proper and sufficient first class or certified mail/return receipt, U.S. Postage and deposited the envelope in the prison mail box, on the date indicated below,. to be delivered to:

1. See Reverse Side of Summons
2.
3.
4.
5.
6.
7.

DATE: _4-7-05_

_Coy Phelps_ In Pro Se
Coy Phelps 78872-011
FMC Devens
P.O. Box 879
Ayer, MA 01432

10

# COMPARISON OF FEDERAL CIVIL COMMITMENT STATUTES
## 18 USC 4243 AND 18 USC 4246
( The differences are in Bold Print )

## 18 USC 4243

**(a) Determination of present mental condition of acquitted person.**—If a person is **found not guilty only by reason of insanity at the time of the offense charged**, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to **subsection (a)**

(b) Psychiatric or psychological examination and report.—
Prior to the date of the hearing, **pursuant to subsection (c)**, the court **shall** order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)

## 18 USC 4246

(a) Institution of proceeding.—If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

(b) Psychiatric or psychological examination and report.—
Prior to the date of the hearing, the court **may** order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

| 18 USC 4243 | 18 USC 4246 |
|---|---|
| (c) Hearing.--A hearing shall be conducted pursuant to the provisions of section 4247(d) and **shall take place not later than forty days following the special verdict.** | (c) Hearing.--The hearing shall be conducted pursuant to the provisions of section 4247(d). |
| (d) Burden of proof.--In a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of such proof by a preponderance of the evidence. | |
| (e) Determination and disposition.--If, after the hearing, the court fails to find by **the standard specified in subsection (d) of this section** that the person's release would **not** create a substantial risk of bodily injury to another person or serious damage of property of another **due to a present mental disease or defect,** the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility until-- | (d) Determination and disposition.--If, after the hearing, the court finds by clear and convincing evidence that the persons presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until-- |

## 18 USC 4243

(1) such a State will assume such responsibility; or
(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another; whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

(f) Discharge.--When the director of the facility in which an **acquitted person is hospitalized** pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release **under a prescribed regimen of medical, psychiatric, or psychological care or treatment,**

would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. The court shall order the discharge of the **acquitted** person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by **the standard specified in subsection (d)** that the person has recovered from his mental disease or defect to such an extent that--
(1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
(2) his conditional release under a prescribed regimen of medical, psychiatric, or

## 18 USC 4246

(1) such a State will assume such responsibility; or
(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another; whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

(e) Discharge.--When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release

would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. The court shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that--
(1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
(2) his conditional release under a prescribed regimen of medical, psychiatric, or

## 18 USC 4243

psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall--

    (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and

    (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

(g) Revocation of conditional discharge.
The director of a medical facility responsible for administering a regimen imposed on an acquitted person conditionally discharged under subsection (f) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

## 18 USC 4246

psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall--

    (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and

    (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

(f) Revocation of conditional discharge.
The director of a medical facility responsible for administering a regimen imposed on a person conditionally discharged under subsection (e) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

## 18 USC 4243

(h) Limitations on furloughs.--An individual who is hospitalized under subsection (e) of this section after being found not guilty only by reason of insanity of an offense for which subsection (d) of this section creates a burden of proof of clear and convincing evidence, may leave temporarily the premises of the facility in which that individual is hospitalized only--

(1) with the approval of the committing court, upon notice to the attorney for the Government and such individual, and after opportunity for a hearing;

(2) in an emergency; or

(3) when accompanied by a Federal law enforcement officer (as defined in section 115 of this title).

(i) Certain persons found not guilty by reason of insanity in the District of Columbia.--

(1) Transfer to custody of the Attorney General.--Notwithstanding section 301(h) of title 24 of the District of Columbia Code, and notwithstanding subsection 4247(j) of this title, all persons who have been committed to a hospital for the mentally ill pursuant to section 301(d)(1) of title 24 of the District of Columbia Code, and for whom the United States has continuing financial responsibility, may be transferred to the custody of the Attorney General, who shall hospitalize the person for treatment in a suitable facility.

(2) Application.--

(A) In general.--The Attorney General may establish custody over such persons by filing an application in the United States District Court for the District of Columbia, demonstrating that the person to be transferred is a person described in this subsection.

(B) Notice.--The Attorney General shall, by any means reasonably designed to do so, provide written notice of the proposed transfer of custody to such person or such person's guardian, legal representative, or other lawful agent. The person to be transferred shall be afforded an opportunity, not to exceed 15 days, to respond to the proposed transfer of custody, and

## 18 USC 4243

and may, at the court's discretion, be afforded a hearing on the proposed transfer of custody. Such hearing, if granted, shall be limited to a determination of whether the constitutional rights of such person would be violated by the proposed transfer of custody.

(C) Order.--Upon application of the Attorney General, the court shall order the person transferred to the custody of the Attorney General, unless, pursuant to a hearing under this paragraph, the court finds that the proposed transfer would violate a right of such person under the United States Constitution.

(D) Effect.--Nothing in this paragraph shall be construed to--

(i) create in any person a liberty interest in being granted a hearing or notice on any matter;

(ii) create in favor of any person a cause of action against the United States or any officer or employee of the United States; or

(iii) limit in any manner or degree the ability of the Attorney General to move, transfer, or otherwise manage any person committed to the custody of the Attorney General.

(3) Construction with other sections.-- Subsections (f) and (g) and section 4247 shall apply to any person transferred to the custody of the Attorney General pursuant to this subsection.

(g) Release to state of certain other persons.--If the director of a facility in which a person is hospitalized pursuant to this chapter certifies to the Attorney General that a person, against whom all charges have been dismissed for reasons not related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the Attorney General

## 18 USC 4246

shall release the person to the appropriate official of the state in which the person is domiciled or was tried for the purpose of institution of State proceedings for civil commitment. If neither such State will assume such responsibility, the Attorney General shall release the person upon receipt of notice from the State that it will not assume such responsibility, but not later than ten days after certification by the director of the facility.

(h) Definition.--As used in this chapter the term "State" includes the District of Columbia.

§ 4247. General provisions for chapter

(a) **Definitions.**—As used in this chapter—

(1) "rehabilitation program" includes—

(A) basic educational training that will assist the individual in understanding the society to which he will return and that will assist him in understanding the magnitude of his offense and its impact on society;

(B) vocational training that will assist the individual in contributing to and in participating in the society to which he will return;

(C) drug, alcohol, and other treatment programs that will assist the individual in overcoming his psychological or physical dependence; and

(D) organized physical sports and recreation programs;

(2) "suitable facility" means a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant; and

(3) "State" includes the District of Columbia.

(b) **Psychiatric or psychological examination.**—A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245 or 4246, upon request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, or 4246, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, or 4246, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

(c) **Psychiatric or psychological reports.**—A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include—

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

Case 4:05-cv-40063-GAO Document 1 Filed 04/14/2005 Page 19 of 19

## § 4247. General provisions for chapter

(a) **Definitions.**—As used in this chapter—

(1) "rehabilitation program" includes—

(A) basic educational training that will assist the individual in understanding the society to which he will return and that will assist him in understanding the magnitude of his offense and its impact on society;

(B) vocational training that will assist the individual in contributing to and in participating in the society to which he will return;

(C) drug, alcohol, and other treatment programs that will assist the individual in overcoming his psychological or physical dependence; and

(D) organized physical sports and recreation programs;

(2) "suitable facility" means a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant; and

(3) "State" includes the District of Columbia.

(b) **Psychiatric or psychological examination.**—A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245 or 4246, upon request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, or 4246, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, or 4246, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

(c) **Psychiatric or psychological reports.**—A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include—

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

JS 44 - No. CALIF (Rev. 4/97)

# CIVIL COVER SHEET 05-40063GAO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

FILED
CLERKS OFFICE
2005 APR 14 P 2:06
U.S. DISTRICT
DIST. OF MASS

**I.(a) PLAINTIFFS**

PETITIONERS

**DEFENDANTS**

DAVID WINN
H. LAPPIN
A. GONZALES
RESPONDENTS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** WORCESTER
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
IN PRO SE

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "T" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "T" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)               AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "T" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "T" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☒ Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | ☒ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "T" IN ONE BOX ONLY)

DATE 4-7-05   SIGNATURE OF ATTORNEY OF RECORD